1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCESCA HARON,

                    Plaintiff,

        v.

CSC NARDONE, *et al*,

                    Defendants.

Case No.  C06-5003RBL

REPORT AND
RECOMMENDATION TO DENY
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

Noted for March 31, 2006

        This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §
636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and
an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff
must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.  Because
plaintiff has failed to respond to the court's order to show cause, the undersigned recommends the court
deny her application.

                                                    DISCUSSION

        The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper
affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an

REPORT AND RECOMMENDATION
Page - 1

1   application to proceed *in forma pauperis*. <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*,

2   375 U.S. 845 (1963).  Several district courts have ruled that denial of *in forma pauperis* status is not

3   unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit.  <u>See</u>

4   <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex.

5   1977); <u>U.S. ex rel. Irons v. Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357

6   F.Supp. 825 (D.Kan. 1973), *aff'd*, 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa.

7   1974).

8           On January 3, 2006, the clerk received plaintiff's complaint and application to proceed *in forma*

9   *pauperis*. (Dkt. #1).  On January 20, 2006, the court found plaintiff's application to be deficient in several

10  respects and ordered her to cure those deficiencies by no later than February 20, 2006, or show cause why

11  this matter should not be dismissed. (Dkt. #4).  To date, however, plaintiff has not done so.

12                                          <u>CONCLUSION</u>

13          Because plaintiff has failed to respond to the court's order to show cause regarding her deficient

14  application to proceed *in forma pauperis*, the undersigned recommends the court deny that application.

15  Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless she pays the

16  required $250.00 filing fee **within thirty (30) days** of the court's order.

17          Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),

18  the parties shall have ten (10) days from service of this Report and Recommendation to file written

19  objections thereto. <u>See also</u> Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

20  objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit

21  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **March 31,**

22  **2006**, as noted in the caption.

23          Dated this 7th day of March, 2006.

24

25

26                                          Karen L. Strombom
                                            United States Magistrate Judge
27

28

REPORT AND RECOMMENDATION
Page - 2